# IN THE COURT OF APPEALS OF IOWA

No. 14-1197
Filed March 25, 2015

**MATTHEW D. HARGRAVE,**
  Plaintiff-Appellant,

**vs.**

**GRAIN PROCESSING CORPORATION**
  Defendant-Appellee.
_____

Appeal from the Iowa District Court for Muscatine County, Joel W. Barrows, Judge.

Plaintiff appeals the district court decision granting summary judgment to appellee on his tort claims. **AFFIRMED.**

J. Richard Johnson of Johnson & Legislador, P.L.C., Cedar Rapids, for appellant.

Wendy L. Young and Eric M. Knoernschild of Stanley, Lande & Hunter, Davenport, for appellee.

Considered by Vaitheswaran, P.J., Tabor, J., and Mahan, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**MAHAN, S.J.**

Plaintiff Matthew Hargrave appeals the district court decision granting summary judgment to Grain Processing Corporation (GPC) on his tort claims. We conclude the district court properly granted summary judgment to GPC based on the terms of the waiver of legal remedies signed by Hargrave in his employment application with Team Staffing Solutions, Inc.

## I. Background Facts & Proceedings.

On July 6, 2011, Hargrave filled out an employment application with Team Staffing. Team Staffing had an agreement to provide temporary employees for GPC. The application contained the following statement:

> Legal Remedies: I acknowledge and agree that even though my work related activities may be under the control and direction of the Customer, my sole legal remedies in the event of a work related injury will be the Company's workers' compensation insurance and will not include any claim for damage against that Customer.
> My signature below certifies that I have read, understand and agree to abide by the conditions set forth. By signing this document, I agree to these terms and conditions, whether or not I am employed by Team Staffing Solutions, Inc.

The application defined the term "Company" as Team Staffing Solutions, Inc. The term "Customer" was defined as "Team Staffing's Customer with whom employee may be assigned to provide temporary services." Hargrave signed and dated the application and was subsequently hired by Team Staffing.

On December 3, 2011, while Hargrave was working for Team Staffing at a plant owned by GPC he sustained personal injuries. Hargrave received workers' compensation benefits from Team Staffing. He filed a petition on November 22, 2013, bringing claims of negligence, strict liability, premises liability, and

respondeat superior against GPC and Kent Corporation, which provides management services to GPC.

GPC filed a motion for summary judgment, claiming Hargrave's claims were barred by the terms of the release found in the employment application. Hargrave resisted the motion, arguing the terms of the "Legal Remedies" provision were too ambiguous to bar his claims. The district court granted the motion for summary judgment. The court found, "Though the terms of the provision are not defined, the terms are in common use and are not presented in a way that creates ambiguity in their meaning." The court concluded it was "impossible to interpret the 'Legal Remedies' provision in a way that allows Mr. Hargrave to bring claims against GPC that result from his work-related injuries. The provision states that Mr. Hargrave's legal remedies 'will not include *any* claim for damage against Customer.'" Hargrave appeals the decision of the district court.[1]

## II. Standard of Review.

We review a district court's ruling on a motion for summary judgment for the correction of errors at law. *Peak v. Adams*, 799 N.W.2d 535, 542 (Iowa 2011). Summary judgment is appropriate when "there is no genuine issue as to any material fact and [ ] the moving party is entitled to judgment as a matter of law." Iowa R. Civ. P. 1.981(3). "In assessing whether summary judgment is warranted, we view the entire record in the light most favorable to the nonmoving party." *Veatch v. City of Waverly*, 858 N.W.2d 1, 6 (Iowa 2015).

---

[1] The parties agreed Hargrave's claims against Kent Corporation would be stayed while the present appeal is pending.

**III. Casual Reader.**

Hargrave contends the district court erred in finding he was not a "casual reader" of the employment application with Team Staffing.  In *Baker v. Stewarts' Inc.*, the supreme court stated:

> In reviewing the language of the exculpatory clause at issue in the present case, we do not believe that it would be apparent to the *casual reader* asked to sign this form as a condition for receiving cosmetology services that its effect was to absolve the establishment from liability based upon the acts or omissions of its professional staff.

433 N.W.2d 706, 709 (Iowa 1988) (emphasis added); *see also Sweeney v. City of Bettendorf*, 762 N.W.2d 873, 878-79 (Iowa 2009) (noting a document did not contain clear and unequivocal language that would notify a casual reader of a waiver of claims).

The district court stated, "It is true that Iowa courts do not uphold contractual provisions releasing future claims where release of such claims would not be apparent to a casual reader."  The court, however, did not make a determination that Hargrave was not a casual reader.  Instead, the court disagreed with Hargrave's claim the "Legal Remedies" provision in the employment application was ambiguous.

**IV. Waiver of Claims.**

Hargrave contends the "Legal Remedies" provision in the employment application was not sufficiently clear and unequivocal to put him on notice he was waiving all claims relating to GPC's potential negligence.  He points out the terms "legal remedies," "claim," and "damage," are not defined in the employment application.  He also points out the provision only refers to "claim" in the singular,

and does not refer to "all claims." Hargrave asserts the provision does not specifically indicate he would be waiving all future claims against GPC.

A release or waiver of claims is a contract, and is enforced according to contract law. *Huber v. Hovey*, 501 N.W.2d 53, 55 (Iowa 1993). "It is the cardinal principle of contract construction that the parties' intent controls; and except in cases of ambiguity, this is determined by what the contract itself says." *Berryhill v. Hatt*, 428 N.W.2d 647, 654 (Iowa 1988). "Ambiguity exists when, after application of pertinent rules of interpretation to the face of the instrument, a genuine uncertainty exists concerning which of two reasonable constructions is proper." *Id.* The mere fact the parties disagree on the meaning of a phrase does not establish ambiguity. *Farm Bureau Mut. Ins. Co. v. Sandbulte*, 302 N.W.2d 104, 108 (Iowa 1981).

We determine the district court did not err in finding the "Legal Remedies" provision was not ambiguous. The provision states, "my sole legal remedies in the event of a work related injury will be [Team Staffing's] workers' compensation insurance and will not include any claim for damage against [GPC]." The court stated:

> It is clear from the language of the "Legal Remedies" provision that Mr. Hargrave agreed to waive all legal remedies arising from a work-related injury except for those claims available through [Team Staffing's] workers' compensation insurance coverage. Though the terms of the provision are not defined, the terms are in common use and are not presented in a way that creates ambiguity in their meaning. Mr. Hargrave has presented no evidence that he did not understand the terms or ask for clarification of any terms upon signing the Application, and has not presented a reasonable alternative construction that would allow him to bring his present claims.

We determine the parties' intent is clear and unambiguous, so the contract should be enforced as it is written. *See Am. Soil Processing, Inc. v. Iowa Comprehensive Petroleum Underground Storage Tank Fund Bd.*, 586 N.W.2d 325, 329 (Iowa 1998). "[G]eneral exculpatory provisions do not cover the negligence of a party unless the intention to do so is clearly expressed." *Sweeney*, 762 N.W.2d at 878. The language of the "Legal Remedies" provision clearly states that if Hargrave has a work-related injury, his sole legal remedy "will be [Team Staffing's] workers' compensation insurance and will not include any claim for damage against [GPS]." The parties do not dispute that Hargrave suffered a work-related injury.

We conclude the district court properly granted summary judgment to GPS based on the terms of the waiver signed by Hargrave in his employment application with Team Staffing.

**AFFIRMED.**